WERNER CO. v. ABRAMS.

(Supreme Court, Appellate Term.   July 1, 1910.)

APPEAL AND ERROR (§ 852*)—REVIEW—VARIANCE.

  When plaintiff pleaded a written contract, and proved an oral one without objection, but without asking that his pleading be amended to conform to the proof, though the court on appeal in the interests of justice might amend the pleading, where it is evident that the case was tried and decided on an erroneous theory, the judgment will be reversed, and a new trial ordered.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3402; Dec. Dig. § 852.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Werner Company against Herman Abrams. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Michael H. Harris, for appellant.
Wilber, Norman & Kahn, for respondent.

BIJUR, J. This action is brought to recover for the contract price of certain books in accordance with the terms of two written agreements alleged to have been signed by defendant and set out in the complaint. As to the first agreement there is no dispute, but defendant denies ever having signed the second.

Plaintiff's witness, a salesman, testifies that the books (a set of Voltaire) were ordered by the defendant, the agreed price being $145; that the defendant thereupon signed the contract or order form in blank, and delivered it to the witness; but the witness returned to see defendant in about four or five weeks, and told him that the price which the witness had given him was wrong, and that the books would cost $200, to which he testifies that defendant replied, "All right."

The judge who decided the case below wrote an opinion, from which it appears that the only point considered and decided by him was whether or not defendant had signed the order form. Even if, however, we assume that, on plaintiff's own story, the salesman was authorized, at the time of the delivery of the order form signed in blank, to fill it in for $145 on behalf of defendant, that authority was not exercised. The defendant did not, a month later, authorize the salesman to fill in the form for $200. Consequently the order form as offered in evidence was immaterial and irrelevant to the issue as framed by the plaintiff itself.

Plaintiff pleaded a written contract. He proved an oral one without objection, but also without asking that his pleading be amended to conform to the proof. If the interests of justice demanded it, this court might so amend the pleading, and thus sustain the judgment; but, as it is evident that the case was tried and decided on an erroneous

 *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

theory, the judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.